UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
In re:

Michael J Hurley,                                          Chapter 13
*dba* The Sebonac Company,                    Case No. 23-72230-ast

                 Debtor.
-----------------------------------------------x

## ORDER DENYING DEBTOR'S MOTION TO STAY ALL PROCEEDINGS AND TO RECONSIDER ORDER GRANTING MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY AND DENYING

         On June 21, 2023, Michael J Hurley ("Debtor"), filed a petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") [Dkt. 1]. Debtor was unable to confirm a chapter 13 plan.

         On September 8, 2023, Select Portfolio Servicing, Inc. as servicer for Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-FR1 Mortgage Pass-Through Certificates, Series 2006-FR1 ("SPS") filed a Motion for Relief from Stay and Request for *In Rem* Relief (the "SPS Motion") [Dkt. 23]. The SPS Motion relates to the property located at 28 Club Lane, Remsenburg, NY 11960.

         On January 31, 2024, the Court held a hearing on the SPS Motion, after which the Court granted the SPS Motion. The Court entered an Order granting the SPS Motion with in rem relief for a period of two (2) years (the "SPS *In Rem* Order") [Dkt. 29]. Debtor subsequently appealed the SPS *In Rem* Order, and Civil Case #2:24-cv-01085-DG remains pending in the Eastern District of New York (the "First Pending Appeal").

         On May 15, Debtor's previous counsel, Macco & Corey, P.C., filed a Motion to Withdraw as Debtor's Attorney (the "Withdrawal Motion") [Dkt. 43]. On June 28, the Court held a hearing

on the Withdrawal Motion, after which the Court granted the Withdrawal Motion. The Court entered an Order granting the Withdrawal Motion on July 12 (the "Withdrawal Order") [Dkt. 50]. Debtor subsequently appealed the Withdrawal Order, and Civil Case #2:24-cv-05630-DG remains pending in the Eastern District of New York (the "Second Pending Appeal").

Also on June 28, PHH Mortgage Corporation as servicer for HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2004-B, Asset-Backed Certificates, Series 2004-B ("PHH") filed a Motion for Relief from Stay (the "PHH Motion") [Dkt. 48]. The PHH Motion relates to property located at 40 Station Road, Westhampton, NY 11977.

On August 29, the Court held a hearing on the PHH Motion, after which the Court granted the PHH Motion. On September 12, this Court entered an Order granting the PHH Motion (the "PHH Stay Relief Order") [Dkt. 62]. Debtor did not appeal the PHH Stay Relief Order.

On September 16, Debtor filed a Notice of Emergency Motion for Stay of All Proceedings and Motion for Reconsideration of the PHH Stay Relief Order [Dkt. 63], followed by an Amended Notice of Emergency Motion [Dkt. 65] and the Affidavit of Debtor in Support of the Amended Notice of Emergency Motion [Dkt. 66] (collectively, the "Motion to Reconsider"). The Motion to Reconsider was filed for presentment on September 17. Debtor seeks reconsideration of the PHH Stay Relief Order and a stay of all proceedings in this bankruptcy case.

SPS subsequently filed an Objection to the Motion to Reconsider (the "Objection") on October 1 [Dkt. 67].

*Reconsideration*

Debtor asks this Court to reconsider the PHH Stay Relief Order because his First and Second Pending Appeals are live controversies that remain unresolved, and because Debtor believes that both SPS and PHH lack standing to request stay relief. Debtor argues that the

Court's decision to grant the SPS *In Rem* Order without addressing the issue of SPS's standing undermined the integrity of the judicial process and prejudiced the Debtor.[1] Additionally, Debtor's Second Pending Appeal alleges that Debtor's previous counsel was negligent in failing to oppose the SPS Motion or appear at the hearing on the SPS Motion. Debtor further argues that the Second Pending Appeal directly affects his Sixth Amendment right to counsel, and as such, the Court should reconsider the PHH Stay Relief Order and delay entering an order on the PHH Motion until Debtor's First and Second Pending Appeals are resolved, and until Debtor may retain counsel.

The legal analysis for a motion to reconsider an order should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). See *Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996). Accordingly, the Court will deem the Motion to Reconsider to be one under FRCP 59(e) and Bankruptcy Rule 9023.

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d

---

[1] The Court has addressed the reconsideration portions of Debtor's requests on the merits despite Debtor having filed the First Pending Appeal and the Second Pending Appeal. See Bankruptcy Rule 8002(b).

Cir.1995)). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under FRCP 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769. See also *Lynch v. Barnard*, 2:18-cv-06893-JS (E.D.N.Y. 2020).

Upon the Court's consideration of the pleadings and of the record in this case as a whole, Debtor has failed to meet his burden under the applicable rules and case law to demonstrate cause to reconsider the PHH Stay Relief Order. No error was made by this Court in granting the PHH Stay Relief Order or the Withdrawal Order.

*Stay of proceedings*

Debtor asks this Court to stay all proceedings because he has two live appeals pending before the Eastern District of New York. In Debtor's First Pending Appeal, he claims that the SPS *In Rem* Order was entered in error due to an insufficient finding that SPS is a secured creditor and requests a stay of all proceedings until this dispute in standing is resolved. In Debtor's Second Pending Appeal, he claims that his previous counsel was ineffective in assisting Debtor because the previous counsel failed to oppose the SPS Motion or to appear at the hearing on the SPS Motion.

An application for a stay pending appeal from a bankruptcy court ruling is governed by Rule 8007 of the Bankruptcy Rules. In determining whether to grant a stay pending appeal under Rule 8007 of the Bankruptcy Rules, the Court looks to whether the movant has demonstrated the following four elements: (1) a substantial possibility of success on the merits; (2) irreparable injury would result if a stay were denied; (3) other parties would not suffer a substantial injury if the stay were granted; and that (4) the public interest favors a stay. See *In re Giambrone*, 600

B.R. 207, 212 (Bankr. E.D.N.Y. 2019) (citing *In re Gen. Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009)). These four factors are balanced by the Court, but the movant bears the burden of "show[ing] satisfactory evidence on all four criteria." *In re Turner*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997). Furthermore, "[s]tays pending appeal are the exception, not the rule, and are granted only in limited circumstances." *In re Giambrone*, 600 B.R. at 212 (quoting *In re Taub*, No. 08-44210, 2010 WL 3911360, at *2 (Bankr. E.D.N.Y. Oct. 1, 2010)). Debtor failed to adequately plead any of the four required elements in his Motion to Reconsider.

Upon the Court's consideration of the pleadings and of the record in this case as a whole, Debtor has failed to meet his burden under the applicable rules and case law to demonstrate cause to stay all proceedings in this chapter 13 case or to stay the effectiveness of the SPS *In Rem* Order and the Withdrawal Order. Chief amongst these, Debtor has failed to demonstrate a substantial possibility of success on the merits of his appeal.

As such, it is hereby,

**ORDERED**, that the Motion to Reconsider is denied, including Debtor's request to stay his entire chapter 13 case and to stay the effectiveness of the Orders he has appealed which are the subject of the First Pending Appeal and the Second Pending Appeal; and it is further

**ORDERED**, that the Clerk of Court shall serve a copy of this Order on Debtor, creditors and parties in interest, the Chapter 13 Trustee, and all parties who filed a notice of appearance in this case within five (5) business days of entry hereof.



Dated: October 22, 2024
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge